### BAYLESS v VINEY et

Ohio Appeals, 2nd Dist, Greene Co

No 412.    Decided Dec 20, 1935

Miller & Finney, Xenia, and C. F. Points, Jr., Xenia, for plaintiff.

J. E. Strayer, London, and Frank J. Murray, London, for defendant Loan Company.

## OPINION

By BARNES, PJ.

We find nothing further in the petition in any way supporting plaintiff's claim for priority of lien. An examination of the record discloses not only a failure of proof of any agreement for subrogation, but we also find that plaintiff furnishes the evidence that he never knew any of the officers or representatives of the Loan & Savings Company, nor did he know that the Loan Company had a mortgage on the premises or any interest in the insurance.

A search of the entire record further discloses that the plaintiff had his conversations and dealings solely with Mr. Russell, the resident member of the Commission having control of the premises, and a Mr. Montgomery, an adjuster for the Insurance Company. There is not the slightest testimony that connects the Loan & Savings Company with any action which could be construed as creating right of the plaintiff to priority of lien. We do find in the record a very sharp conflict in the testimony between Mr. Barcus, the Grand Chancellor of the Grand Lodge of the Knights of Pythias on the one hand, and the secretary and attorney for the Loan Company on the other, but this conflict can have no bearing upon the question or priority of lien.

The facts in this case present a situation of a very serious wrong having been done to the plaintiff, Mr. Bayless. We are in sympathy with his situation and have given the pleadings and the record much study and thought in an effort to find some remedy. That the plaintiff, Mr. Bayless, should be paid for his work is beyond question or cavil. Under the state of facts here presented there can be no question that someone is liable to the plaintiff, Mr. Bayless, but the determination of this liability is not before us. We can only consider the equitable question presented here by the appeal, and, as heretofore stated, this question is the priority of liens. Had plaintiff been able to support his petition by evidence, then we would have had a different situation, but since plaintiff himself furnishes the evidence as to the incorrectness of the requisite allegation, this court can do nothing more than hold that the priorities of liens are determined by the filing dates. Of course, this means that the Loan Company's mortgage is prior and the mechanic's lien is second in the distribution after sale and foreclosure of the mortgaged property.

The order of foreclosure will be allowed,

as prayed for, both in the petition of plaintiff and the cross-petition of the Loan Company. We shall remand the case to the trial court for further proceedings according to law.

The journal entry of the trial court, under date of May 25, 1935, will serve as a guide in preparing the entry in this court except the change in priorities, as heretofore indicated.

It appearing from the transcript of docket and journal entries and the record that the trial court took no action under the prayer for personal judgment, we remand this branch of the case to the trial court for further proceedings according to law.

HORNBECK and BODEY, JJ, concur.